Brocious et ux., Appellants, *v.* Hill.

Argued September 28, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*M. A. Shapira,* for appellants.

*Thos. F. Garrahan,* with him *H. W. McIntosh,* for appellee.

PER CURIAM, November 26, 1928:

Defendant owned a property, in the City of Pittsburgh, which she rented for residential purposes to plaintiff Walter Brocious, who lived there with his wife and family. While Mrs. Brocious was engaged in hanging up clothes in the yard of the premises in question, she stepped on the grating which covered the opening in front of a cellar window, the bricks supporting the grating gave way, and she was thrown and injured. The statement of claim avers that, "shortly after taking possession" of the leased property, defective plumbing developed which caused water to accumulate in the yard, loosening the mortar around the bricks of the grating; that, immediately upon noticing this condition, plaintiffs "notified the agents of the defendant, and also notified the defendant," both of whom promised to remedy the defects, but failed to do so, and that the accident occurred in consequence of this neglect. At trial, however, plaintiffs failed to show that they had notified defendant herself of any need of repairs to the rented property, or that those whom they claimed to have notified as agents were in fact or in law agents of defendant for the purpose of making repairs to the property. Further, plaintiffs and all their witnesses testified in

positive terms that the noticeable looseness of bricks in the yard was not at the point of the accident but at another place some distance therefrom. When Mrs. Brocious was asked, "Did you notice any bricks loosened around the cellar window?" she replied, "No, sir"; and testified not only that "It was not apparent on inspection......that any bricks were loose at the spot where the accident occurred," but also that the bricks at that point "looked in good shape." Under these circumstances the court below very properly entered a nonsuit which they refused to remove.

The order refusing to remove the nonsuit is affirmed.